

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

07-71

March 13, 2007

David Vega, Esquire
7411 Cedar Avenue
Takoma Park, Maryland 20912

**FILED**

APR 1 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re: <u>United States</u> v. <u>Cynthia Russell</u>

Dear Mr. Vega:

This letter sets forth the full and complete plea offer to your client, Cynthia Russell. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereafter "the government" or "this Office" or "USAO-DC"). This plea offer will expire on March 14, 2007. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1. **Charges**: Ms. Russell waives indictment and agrees to the filing of a two-count criminal information charging, in Count I, a violation of 18 U.S.C. §1349 (conspiracy to commit fraud by wire) and in Count II, violations of 22 D.C. Code §§ 3241, 3242, 1805 (aiding and abetting the uttering of a forged written instrument). Ms. Russell agrees to plead guilty to Count II. It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Russell and will be entered in accordance with Federal Rule of Criminal Procedure 11. Ms. Russell agrees that the attached "Statement of the Offense" fairly and accurately describes her actions. It is anticipated that during the Rule 11 plea hearing, Ms. Russell will adopt and sign the Statement of the Offense as a written proffer of evidence.

2. **Potential penalties, assessments, and restitution**: Ms. Russell understands that the maximum sentence that can be imposed is ten years, a fine of $250,000, a $100 special assessment, three years' supervised release, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence,

-2-

Ms. Russell understands that the sentence to be imposed in this case will be determined by the court, guided by the factors enumerated in 18 U.S.C. §3553(a), including a consideration of the guidelines and policies promulgated by the D.C. Superior Court Sentencing Guidelines. Ms. Russell understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose. Ms. Russell further understands that if the Court imposes a sentence which is in any way unsatisfactory to her, she cannot move to withdraw her guilty plea.

3. **Sentencing Guidelines**: The parties agree that based on the facts currently known to the government, the offense for which the defendant is pleading guilty is a Group 9 offense. The government is not aware of any prior criminal history; given the offense level and anticipated Criminal History Category, the sentencing guidelines' range would be 1-12 months. The parties agree that a sentence within this sentencing range, including a sentence of probation, would be a reasonable sentence for defendant Russell in this case. In the event that this plea offer is either not accepted by Ms. Russell or is accepted by Ms. Russell but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Financial Arrangements**: Ms. Russell agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in 18 U.S.C. § 3013. To the extent that Ms. Russell fails to pay the special assessment by the time of sentencing, she also agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Reservation of Allocution**: The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Ms. Russell's criminal activities, subject to the provisions of the following paragraph. If in this plea

-3-

agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

6. **Government Concessions**:  In exchange for her guilty plea, the government agrees not to oppose Ms. Russell's release pending sentencing and agrees not to oppose Ms. Russell's request that sentencing in this matter be continued for eighteen (18) months.  If Ms. Russell abides by the conditions set forth in this agreement, the United States will not oppose Ms. Russell's motion to withdraw the plea and will enter a *nolle prosequi* in the case at the time of sentencing.  Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Ms. Russell in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense.  This agreement not to prosecute Ms. Russell does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4).  It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Ms. Russell.

7. **Conditions of Release**:  Ms. Russell agrees to abide by all of the following conditions:  (1) Ms. Russell shall not violate any federal, state, or local law.  If she is arrested on probable cause, Ms. Russell will immediately contact her attorney, who will contact the USAO-D.C.; (2) Ms. Russell shall regularly attend school and/or work at a lawful occupation, or shall seek employment; (3) Ms. Russell shall continue to live at her present address.  If Ms. Russell intends to move, she shall inform Pretrial Service Agency and her attorney who will contact the USAO-D.C.; (4) within the 18 months, Ms. Russell will perform 150 hours of community service.  Proof of the community service shall be sent to the USAO-D.C.; and (5) Ms. Russell agrees to provide an executed copy of this agreement and the incorporated statement of facts to the Clerk of Court, D.C. Superior Court, within 45 days of the public filing of the plea agreement, to be placed in her employment file AT D.C. SUPERIOR COURT. [initials]

8. **Breach of Agreement**:  Ms. Russell agrees that if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea in a manner other than provided for in Paragraph 6, the government will have the right to characterize such conduct as a

-4-

breach of this plea agreement. Moreover, if during an investigation or prosecution Ms. Russell should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute her for these offenses to the fullest extent provided by law. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Russell's release (for example, should Ms. Russell commit any conduct after the date of this agreement that would form the basis for an increase in Ms. Russell's offense level or justify an upward departure -- examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Russell will not have the right to move to withdraw the guilty plea; (c) Ms. Russell shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Ms. Russell, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement.

In the event of a dispute as to whether Ms. Russell has breached this agreement, and if Ms. Russell so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

9. **Court is not bound**: Ms. Russell understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding her bond status or detention will be made by the Court at the time of her plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

10. **USAO's Criminal Division Bound**: Ms. Russell understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does

it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Russell.

11. **Complete Agreement**: No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Russell, Ms. Russell's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Russell may indicate her assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Ms. Russell and her counsel.

Sincerely yours,

_Jeffrey A. Taylor/ama_
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_Barbara Kittay_
Barbara E. Kittay
Aaron Mendelsohn
Assistant United States Attorneys

-6-

I have read this plea agreement, consisting of five pages, and have discussed it with my attorney. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 3-13-07

Cynthia Russell
Defendant

I have read each of the five pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: _____

David Vega, Esquire
Attorney for the Defendant